UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOYCE MOORE,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 3:25-cv-05681-DGE

ORDER AFFIRMING THE
COMISIONER'S FINAL DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred in his Residual Functional Capacity ("RFC") finding because, after finding Plaintiff had three "severe" mental impairments, the ALJ was wrong as a matter of law in finding she was not limited in her ability to concentrate, persist, or maintain pace in work involving simple instructions and in fact was able to do moderately complex tasks.  For the reasons discussed herein, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

ORDER AFFIRMING THE COMISIONER'S FINAL DECISION - 1

**I    BACKGROUND**

Plaintiff is a 59-year-old woman (Dkt. No. 7, Admin. Record ("AR") 101); has 12 years of education (AR 102); and has worked as a Teacher Aide II, Stock Clerk, and Inventory Clerk (AR 95).  Plaintiff worked until 2019 when she resigned for health reasons.  (AR 85.)  Plaintiff did only minimal babysitting after 2019.  (*Id*.)  Plaintiff was first denied disability on August 26, 2021.  (AR 131.)  Plaintiff was then again denied disability on July 12, 2024.  (AR 29.)

Using the five-step disability evaluation, the ALJ found Plaintiff not disabled at step four.  At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 30, 2022.  (AR 20.)  At step two, the ALJ found Plaintiff has the following severe impairments: sickle cell trait, degenerative joint disease of right knee with meniscus bulge, depressive disorder, anxiety disorder, trauma-related disorder, and hearing loss.  (*Id*.)  At step three, the ALJ found these impairments do not meet or equal a listed impairment.  (AR 21.)  The ALJ then found Plaintiff has the residual functional capacity to "perform simple and moderately complex tasks consistent with a reasoning level of 4 or less," provided she has regular work breaks at 2-hour intervals.  (AR 23.)  Accordingly, at step four, the ALJ found Plaintiff can perform her past relevant work as an Inventory Clerk and is thus not disabled.  (AR 28–29.)  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  (AR 1.)

Plaintiff argues the ALJ's finding at step two—that her depressive disorder, anxiety disorder, and trauma-related disorder constitute severe impairments—is inconsistent with the ALJ's conclusion that Plaintiff had no limitation in her ability to perform basic work activity.  (Dkt. No. 9 at 14.)  Plaintiff's arguments are limited to this inconsistency.  "To be clear, this is not a relative weight of the evidence appellate challenge.  Rather, the appellate challenge here is

ORDER AFFIRMING THE COMISIONER'S FINAL DECISION - 2

that the ALJ's RFC finding is inconsistent with his own prior severity findings at step 2 under the plain language of [Social Security Administration] policy." (*Id*. at 15.)

## II    ANALYSIS

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Here, Plaintiff's basic theory—that severe mental impairments must as a matter of law inhibit one's ability to do basic tasks and preclude moderately complex tasks under residual functional capacity analysis—has been rejected by the Ninth Circuit. In *Bray v. Commissioner of Social Security*, the ALJ found two severe impairments at step two based on the plaintiff's chronic obstructive pulmonary disease and an adjustment disorder (i.e., symptoms of anxiety and depression). 554 F.3d 1219, 1228 (9th Cir. 2009). Notwithstanding this finding, the ALJ asked the vocational expert at the administrative hearing to assume that the plaintiff could "carry out, attend [sic] and concentrate on all but the most detailed and complex tasks", which the plaintiff objected to. *Id*.

> [The plaintiff] argues that this statement contradicts the ALJ's earlier finding at step two that [her] mental impairments were 'severe.' She posits that a severe impairment, by definition, inhibits a claim from engaging in 'basic work activities,' and the ALJ's statement of her RFC does not capture that limitation. [The plaintiff] offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities.

ORDER AFFIRMING THE COMISIONER'S FINAL DECISION - 3

More importantly, the medical record supports the ALJ's conclusions that [the plaintiff's] mental impairments prevented her from completing only the most complex tasks.

*Id*. at 1228–29; *see also Tammy W. v. Commissioner of Social Security*, 787 F. Supp. 3d 1175, 1177 (W.D. Wash. 2025) ("Plaintiff argues that because the ALJ found 'severe' mental impairments at Step Two, Plaintiff must have been limited to simple or unskilled work in the RFC. This argument is unsupported by any binding authority, and the Court rejects it."). Despite being raised in Defendant's responsive brief, Plaintiff offers no argument distinguishing *Bray* from the present matter. (*See generally* Dkt. No. 12.)

Moreover, step two in the disability analysis "is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) (citation omitted). Because an adjudicator is required to consider all limitations and restrictions, including those that are not "severe," the RFC "*should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id*. at 1049. Plaintiff misunderstands the relationship between the step two analysis and the RFC finding.

Plaintiff offers no argument indicating the ALJ failed to consider any particular evidence in the record in identifying Plaintiff's limitations and restrictions. In fact, Plaintiff concedes that "this is not a relative weight of the evidence" challenge and is instead based only on a "plain language" legal argument. (Dkt. No. 9 at 15.) Therefore, Plaintiff has waived any argument that the ALJ's finding is not supported by substantial evidence. And to the extent Plaintiff makes cursory comments that the ALJ's decision is "irreconcilable and unexplained" (Dkt. No. 9 at 6) or merely a "post-hoc rationalization" (Dkt. No. 12 at 2), these arguments are unpersuasive. The ALJ reasonably relied upon medical evidence from Drs. Wayne H., Bruce E., and Melinda Losee

in reaching his conclusion that Plaintiff would be able to complete roles requiring a reasoning level of 4 or less.  (AR 27–28.)

### III     ORDER

Accordingly, the Commissioner's final decision is AFFIRMED.  This case is DISMISSED with prejudice.  The Clerk is directed to close this case.

Dated this 25th day of February, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING THE COMISIONER'S FINAL DECISION - 5